Eugene HOYT, Respondent,

v.

Oliver J. FINKE, Margaret Finke and Carmel Smith, Jr., Appellants.

No. 22600.

Kansas City Court of Appeals.

Missouri.

April 1, 1957.

**540**

R. B. Taylor, Chillicothe, for appellants.

Christian F. Stipp, Carrollton, for respondent.

SPERRY, Commissioner.

Plaintiff, Eugene Hoyt brought suit for recovery of possession of 9.2 acres of land. Defendants Oliver J. and Margaret Finke, husband and wife claimed the land and, together with defendant Carmel Smith, Jr., their tenant, were in possession. There was a jury verdict in favor of plaintiff and judgment followed, in the amount of $100 damages, and $15 per month from the date of judgment until possession should be delivered to plaintiff. Defendants appealed.

Their first point is that plaintiff made no submissible case.

There was documentary evidence and oral testimony tending to prove that that portion of the northeast quarter of section 24, township 54, range 23, lying west of Big Creek, in Carroll County, Missouri, consisted of 70 acres more or less; that plaintiff claimed the title and possession to the south 40 acres of this tract, to which he had received a deed some years prior to the institution of this suit; that the chain of the record title thereto, from the United States Government down to and including plaintiff, is complete and unbroken; that defendants Finke received a deed from The Travelers Insurance Company, in 1940, to the north 30 acres "more or less," of said tract of 70 acres.

The lawsuit appears to have arisen because of a dispute between the parties as to the location and direction of a fence which, defendants claim, constitutes the north boundary line of their property. There appears to be no dispute between the parties that the southeast corner of the Finke property is at or near a large hickory tree, growing on the west bank of Big Creek, and that the west end of the fence in controversy is located at or within a few feet of that tree. Plaintiff offered strong evidence to the effect that the fence ran from that tree southwesterly 1,256 feet, to a point on the line that constitutes the west boundary of both tracts, intersecting said line some 800 feet south of the northwest corner of plaintiff's property, (the southwest corner of defendants' property) thereby placing a triangular tract containing 9.2 acres of plaintiff's 40-acre tract on the north, or northeast, side of said fence. This is the tract that is in dispute.

Defendants claim that the fence abovementioned, starting on the west bank of Big Creek at or near the hickory tree, runs thence due west to a point on a line constituting the western boundary of both tracts.

The testimony of the county highway engineer, who surveyed the area for plaintiff with the object of determining the true boundary line between these two tracts, is to the effect that if the fence ran due west from the hickory tree, as contended by defendants, its western terminus would be at a large hedge post, set in concrete and with old wire attached to it, located at the northwest corner of plaintiff's 40-acre tract, which hedge post was viewed and noted by the witness when he ran the line in 1954, but which was not there when he again surveyed the area, at a later date. There was evidence to the effect that 30 acres, more or less, in the northeast quarter, section 24, township 54, range 23, west of Big Creek, lies south of the above-mentioned east-west line, and that the title thereto was vested in the Finkes; and that 40 acres of the said northeast quarter, lying west

of Big Creek, lies north of that line, the title to which was vested in plaintiff.

Mr. Finke testified to the effect that the fence heretofore mentioned runs on a line due east-west, with its eastern end resting on the west bank of Big Creek; that there is but one fence which divides the 70-acre tract; that he claims only 30 acres of the 70-acre tract mentioned herein; that he has a deed for 30 acres, more or less; that he has paid taxes on 201 acres, 171 acres of which is not located in the northeast quarter of section 24, but that 30 acres is located north of a line running due west from a point near the hickory tree. However, he stated that the fence above-mentioned runs due west from that point.

Mr. Hudson, an 86 year old witness, stated that he had known these two tracts of land virtually all of his life; that, fifty years or more ago, the then respective owners of the two tracts maintained a fence which ran due west from the hickory tree mentioned in evidence but that the land at that point was low and the overflow from Big Creek kept washing out the fence; that they then built a fence which began at the hickory tree and ran southwesterly to the west boundary line of these two tracts; that both owners knew that this fence was not on the boundary line but that the fence followed the high ground so as to keep it from being washed out by the overflow from the creek.

■ From the above evidence the jury could have found, as it apparently did find, that the fence which has been maintained, and which was located as described, was not the true boundary between these two tracts of land but that 9.2 acres of plaintiff's land lies north of said fence. They could also have found that the true boundary is a line running due west from the hickory tree to where the hedge post mentioned in evidence was formerly located; that the Finkes are in possession of 30 acres of land, more or less, lying north of said line, west of Big Creek, being a part of the northeast quarter of section 24; that de-

fendants are simply mistaken as to the true direction the fence runs; and that plaintiff is entitled to possession of the 40 acres, for which he has a deed, lying north of said east-west line. Having shown a good paper title to the land in controversy and offered substantial evidence in support thereof, plaintiff made a submissible case. Volkart v. Groom, Mo., 9 S.W.2d 947, 949; Nichols v. Thompson, Mo., 181 S.W. 385, 386.

■ Defendants urge error in the giving of plaintiff's Instruction No. 2, "Calling to the attention of the jury a hypothesis not founded on evidence." In that instruction the jury is instructed that if the former owners of these respective tracts constructed a fence, knowing that it was not located on the true boundary line between the tracts here involved, and if, in fact, said fence was built on land now owned by plaintiff, then the construction of such fence did not deprive plaintiff of land owned by him, lying north of it and of the true boundary line. There was testimony upon which such a hypothesis could have been founded, and the instruction was, therefore, justified. Volkart v. Groom, Mo., 9 S.W.2d 947, 949.

■ Defendants challenge Instruction 3 on the grounds that there was no evidence to the effect that the former owners, who built the existing fence, which was in evidence, knew where the true line was. The same basic complaint is made here as was made with reference to Instruction 2. Such evidence was offered by plaintiff, although objection was made as to a part of it. However, there was no ruling on the objection. No motion was made to strike it, nor was there any objection to its having been received preserved in the motion for new trial. Furthermore the witness, on *cross-examination,* was asked if an east-west fence (running due west from the hickory tree) which, witness had stated, was maintained by the two former owners, was "along the north line of the Perreten tract." (The Perreten tract is now owned by plaintiff.) The witness replied, "A.

I think so. You mean in that offset? Q. Yes, sir. Where that flat ground * * *." The point is disallowed.

Defendants, for another point, urge that the court "erred in giving plaintiff's instructions 1, 2, 3, 4, 5 and 6. There was no evidence of a substantial nature justifying this set of instructions." What we have heretofore said sufficiently disposes of this contention and requires that it be overruled.

Defendants finally urge error in the refusal of their Instruction No. 8, submitting their pleaded issue of adverse possession.

■ Reference to the evidence in this case discloses that defendants, Finke, claimed that the fence now existing runs due east-west from the hickory tree; that it is located on the true boundary line between defendants' tract and plaintiff's 40 acres, which latter is what is referred to in the record as the Perreten tract; that defendants claim only 30 acres in the northeast quarter; that they have paid taxes on 30 acres only; that they have a deed for 30 acres only; that they do not claim any part of the plaintiff's land (what is known as the Perreten tract); that they claim no land lying south of a line running due west from the hickory tree mentioned in evidence. Under that testimony and claim established by it, it is clear that defendants make no unconditional claim, adverse to that of plaintiff. If the existing fence actually runs southwest, instead of due west, from the tree, defendants' own testimony is that they do not claim anything lying between that fence and a line running due west from the tree, which is the 9.2 acres here involved.

■ Defendants, therefore, have not established any right to the disputed tract by adverse possession. Foard v. McAnnelly, 215 Mo. 371, 387, 393, 114 S.W. 990. The burden of proof rested with defendants, in this case, to show by a preponderance of the evidence, that they had acquired title by adverse possession. Nichols v. Thompson,

supra. In the case at bar, defendants' own testimony was contradictory of their theory of title by adverse possession.

The judgment should be affirmed.

BOUR, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court the judgment is affirmed.

All concur.